## Donley, Appellant, v. City of Pittsburgh.

*Constitutional law—Act of May 16, 1891.*

The act of May 16, 1891, P. L. 71, providing for assessments on property owners for street improvements made under the void acts of June 14, 1887, P. L. 386, and May 16, 1889, P. L. 228, is constitutional. The property owners having received the benefits of the improvements, the legislature had the clear right to provide for the assessments, thus legalizing what it might previously have ordered.

*Title of act. Art. III, § 3 of constitution of 1874.*

The purposes of the act of May 16, 1891, entitled " An Act, authorizing the ascertainment, levy, assessment and collection of the costs, damages and

expenses of municipal improvements, including the grading, paving, macadamizing or otherwise improving of any street, lane or alley or parts thereof completed or now in process of completion and also the costs, damages and expenses of the construction of any sewer completed or now in process of completion and authorizing the completion of any such improvement," are sufficiently stated in its title, and the act does not violate article III., sec. 3 of the constitution of 1874.

Argued Jan. 22, 1892. Appeal, No. 45, Oct. T., 1892, by plaintiffs, from decree of C. P. No. 2, Allegheny Co., April T., 1892, No. 28, dismissing a bill in equity. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill in equity by Mark Donley and Mary his wife, and Joseph N. Miller, against the city of Pittsburgh. The bill averred that the city of Pittsburgh had under an ordinance of March 22, 1889, which ordinance was null and void, provided for the grading, curbing and paving of South 28th street, upon which street the complainant's property was situated; that the said street had been graded, curbed and paved under a contract made in pursuance of said ordinance; that at No. 449 July term 1891, of the court of common pleas No. 2, the defendants had presented a petition praying for the appointment of viewers to assess the property of the defendants for the benefits resulting from the improvements on said street; that said proceedings were instituted under the act of May 16, 1891. The complainants averred that the said act was unconstitutional. The bill prayed that the court should decree the act of 1891 unconstitutional, and restrain the defendant from further proceedings to assess benefits. The defendant filed an answer denying the rights of the complainants to the relief for which they prayed. The case was heard on bill and answer, and after argument the bill was dismissed.

*Error assigned* was the dismissal of the bill.

*Johns McCleave, J. M. Swearingen* and *C. A. O'Brien,* for appellants, cited Wimer v. Worth Township, 104 Pa. 320; Pittsburgh v. Walter, 69 Pa. 365; Pittsburgh's Petition, 138 Pa. 401; O'Rourke v. Phila. & R. R. R., 7 W. N. C. 466; Snell v. Chicago, 8 Lawyer's Rep. Annotated, 858; Hatfield v. Comth., 120 Pa. 395; Road in Phœnixville, 109 Pa. 44; Grim v. School District, 57 Pa. 433.

*D. T. Watson* and *W. C. Moreland*, with them *T. D. Carnahan*, for appellee, cited Magee v. Commonwealth, 46 Pa. 358; Mott v. Pa. R. R. Co., 30 Pa. 9; Commonwealth v. Councils of Pittsburgh, 88 Pa. 81; Potter's Dwarris on Statutes, 231; Pittsburgh's Petition, 138 Pa. 426; Satterlee v. Matthewson, 16 Serg. & Rawle, 169; Schenley v. The City of Allegheny, 36 Pa. 29; Grim v. School District, 57 Pa. 433; Commonwealth v. Marshall, 69 Pa. 328; Hewitt's Ap., 88 Pa. 60; Harrisburg v. McCormick, 129 Pa. 214; Chester City v. Black, 132 Pa. 569; Ayar's Ap., 122 Pa. 266; Michener v. Philadelphia, 118 Pa. 535; Blood v. Mercelliot, 53 Pa. 393; Commonwealth v. Green, 58 Pa. 226; Yeager v. Weaver, 64 Pa. 427; In re Pottstown Borough, 117 Pa. 545; Mauch Chunk v. MaGee, 81 Pa. 433.

PER CURIAM, February 1, 1892.

The hearing of this cause was advanced, with the others involving similar questions, for public reasons, and was argued at the present term in the Eastern district.

The plaintiffs owned a lot on South Twenty-eighth street, in the city of Pittsburgh, which had been assessed for street improvements, under what is known as the remedial act of May 16, 1891, P. L. 71. It is claimed that this act is unconstitutional, and this is the only question in the case.

The street improvements in question were made under the authority of the acts of June 14, 1887, P. L. 386, and May 16, 1889, P. L. 228. The decision of this court in Wyoming Street, 137 Pa. 494, and in Pittsburgh's Petition, 138 Pa. 401, held, that the said acts of 1887 and 1889 were unconstitutional. This left the city of Pittsburgh without the power to collect from the owners of abutting property the cost of the street improvements completed and in course of construction. It was to remedy this difficulty that the said act of May 16, 1891, was passed.

It was urged that this act does not apply, because the improvements in question were made under void acts of assembly, and without any authority whatever. If they had been made under competent authority, or a valid act of assembly, there would have been no need of this curative legislation. The work having been done under void authority, and the

property owners having received the benefits of the street improvements, the legislature had the clear right to legalize what it might previously have ordered. That the legislature has the power to pass such remedial legislation is settled by abundant authority: Satterlee v. Matthewson, 16 S. & R. 169; Schenley v. The City of Allegheny, 36 Pa. 29; Commonwealth v. Marshall, 69 Pa. 328; Hewitt's Ap., 88 Pa. 60; Harrisburg v. McCormick, 129 Pa. 214; Chester City v. Black, 132 Pa. 569.

It was urged, however, that even if the act applies, it is unconstitutional by reason of a defect in the title. We find nothing in any of our cases to sustain this contention. It would be difficult to frame an act with a more comprehensive title, unless the title is made an index to the act itself, which we have repeatedly held not to be necessary. We have examined the act section by section with great care, and do not find any objectionable features. We do not think it necessary to discuss it in detail. It is a general act, applying to all cities in the commonwealth, and the propriety of some such act was plainly foreshadowed in the opinion of this court in the case of Pittsburgh's Petition, supra.

The decree is affirmed and the appeal dismissed at the costs of the appellants.

*Constitutional law—Act of May 16, 1891.*

