# New Brighton Borough *v.* Biddell.

*Municipal liens—Statutes—Act of* 1897 *is constitutional.*

The Act of March 31, 1897, P. L. 13, "providing for the creation of municipal liens and the proceedings for the collection thereof" is constitutional.

The title gives to all persons interested ample notice of the subject of the act; all persons are presumed to have known that the legislature had power to authorize the filing of liens for work that had already been done as well as for work that was to be done in the future. Nor does it contravene section 6 of article 3 of the constitution.

*Constitutional law—Act of assembly—Amendment of act.*

An act which is complete in itself, the purpose, meaning and full scope of which are apparent on its face, is valid, although it may operate to alter, extend or repeal a prior act, or may provide for the means of carrying its provisions into effect by a reference to a course of procedure established by other acts of the legislature.

Argued May 14, 1900. Appeal, No. 74, April T., 1900, by plaintiff, in suit of the Borough of New Brighton against Selina Biddell and W. F. L. Biddell, from order of C. P. Beaver Co., Sept. T., 1898, No. 291, discharging rule for judg-

ment for want of a sufficient affidavit of defense.    Before
RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D.
PORTER, JJ.    Reversed.    Opinion by W. D. PORTER, J.

Sci. fa. sur municipal claim.    Before WILSON, P. J.
Material facts sufficiently appear in the opinion of the court.
Rule for judgment discharged.    Plaintiff appealed.

*Errors assigned* were (1) in holding that the act of assem-
bly, entitled "An act providing for the creation and regulation
of municipal liens and the proceedings for the collection thereof
in the several boroughs of this state," approved March 31, 1897,
P. L. 13, violated article 3, section 6 of the constitution.    (2) In
discharging the rule for judgment for want of a sufficient affi-
davit of defense, because the act of March 31, 1897, under
which the claim was filed, violated article 3, section 6 of the con-
stitution.

*Harry Calhoon*, with him *J. R. Martin*, for appellant.—The
act of March 31, 1897, did not create the right, but it accepted
it as it found it and only supplied the remedy.    It merely per-
fected a right already existing in the borough.

Nor did this act of March 31, 1897, undertake to change the
existing right in any way.    The amount which the owners of
property should pay, and the borough receive, was a fixed cer-
tain thing or capable of being reduced to a certainty before the
passage of the remedial act in this case.

Judge Samuel H. Miller, thirty-fifth district, specially pre-
siding in The Borough of New Brighton v. Fred Duerr et al.,
in the court of common pleas, Beaver county, No. 264, Sep-
tember term, 1897, says in reference to the very question now
before the court: "We are of the opinion that the act of March 31,
1897, does not offend against article 3, section 6 of the consti-
tution.    We do not see in it any attempt to amend or supple-
ment any other statute.    It recognizes the fact that improve-
ments may have been made by councils pursuant to an ordi-
nance but that the cost of such improvement could not be le-
gally assessed upon abutting property because of some defect
in the petition or other proceeding necessary to give jurisdic-
tion under existing law.    Such improvements are made valid

and binding by the act of March 31, 1897, and provision is made for assessing the abutting property with such a portion of the cost for such improvements as was contemplated by the law under which the improvements were attempted to be made. . . . . The amount of the assessment is fixed as any other amount might have been fixed, not by virtue of any other statute, but by virtue of the statute of 1897. The assessment is made a lien by virtue of the same statute. . . . If the legislature has the power to remedy the irregularity or defect in the proceeding, the public has a right to demand that the property owners shall contribute their fair proportion to pay for the public. work which has benefited their property.

Being of the opinion that the legislature had the power and the said act is constitutional and applicable to the case at bar, the rule for judgment against the defendants for want of a sufficient affidavit of defense is made absolute and judgment is awarded accordingly."

*Roger Cope*, for appellee.—The purpose of an act must be stated in its title in order not to conflict with section 3 of article 3 of the constitution of 1874: Sewickley Borough v. Sholes, 118 Pa. 165; Ridge Avenue R. R. Co. v. Phila., 124 Pa. 219.

Nothing is said in the title of this act of the purpose to cure defects in former proceedings to pave.

The plain object of the act is to cure all defects in all proceedings to pave, no matter under what law, general or special, a borough had attempted to proceed, or how long ago the work had been done, or how often the adjoining properties have changed ownership for full value, and whether or not the general scheme of some act of assembly had been followed.

A pavement was attempted to be laid under the Act of May 16, 1891, P. L. 75, and a lien obtained under the Act of May 16, 1891, P. L. 69, but because of some defect in the petition the costs of the paving could not be collected. Under the act of May 31, 1897, the whole scheme of assessment is changed without notice thereof given in the title.

OPINION BY W. D. PORTER, J., July 26, 1900:

The town council of the borough of New Brighton passed an ordinance, which was duly approved, providing for the paving

of Broadway, a public street in said borough, with bricks, from curb to curb, and that two thirds of the cost of the improvement should be assessed upon the property abutting upon the street, in accordance with the foot front rule, as provided by the Act of April 23, 1889, P. L. 44. A contract for the performance of the work was duly let and the street was paved in accordance with the terms of the ordinance. The lot of the defendant, now in question, abutted upon that part of the street which was thus improved. After the work had been performed it was discovered that the petition to councils for the improvement had not been signed by two thirds of the owners of property, representing not less than two thirds in number of feet front abutting on the line of the improvement. This defect in the proceedings deprived the borough authorities of the power to assess abutting property, in accordance with the terms of the act of 1889. The Act of March 31, 1897, P. L. 13, entitled "An act providing for the creation and regulation of municipal liens, and the proceedings for the collection thereof in the several boroughs of this state," having subsequently been passed, the borough authorities proceeded to avail themselves of its provisions. Within the period provided by the act of March 31, 1897, the borough filed a municipal lien. The lien recited that the proceedings had been undertaken under the act of 1889, the defect in said proceedings which prevented the assessment of any part of the cost of the work upon abutting property, and that the borough authorities in filing the lien relied upon the act of 1897. The lien, in form, was in exact accordance with that prescribed in the act of 1897. Upon this lien a scire facias was issued, to which several affidavits of defense were filed by or on behalf of the defendants. The court below discharged the rule for judgment for want of a sufficient affidavit of defense and the plaintiff appealed.

The learned court below was of opinion that the averments of the several affidavits of defense which went to the merits of the case and the form of the lien were insufficient. With that conclusion we entirely agree. The allegations of a defense upon the merits were vague, indefinite and evasive. The form of the lien was that prescribed by the statute, and it did not lie in the mouths of the defendants to add conditions not im-

posed by law. The learned court below, however, discharged the rule for judgment upon the ground that the act of March 31, 1897, P. L. 13, was unconstitutional. The ground upon which this decision was based was that the act in question offended against article 3, section 6 of the constitution, in that it authorized abutting property " to be assessed with such a portion of the cost of the improvement as is contemplated by the law under which the improvement was made, or is now being made ; " the supposed vice in the law being that its effect was to revive, amend or extend the provisions of former legislation to the subject matter of this act, without re-enacting and publishing such previous legislation at length.

At the argument in this court all allegations of defense, save that which relied upon the unconstitutionality of the act in question were abandoned. • To sustain their position, however, the appellees rely upon the alleged failure of the title of the act to comply with the provisions of article 3, section 3 of the constitution, in addition to that provision of the fundamental law upon which the court below based its decision. It is further argued on behalf of appellees that because the councils were without jurisdiction to decree the improvement, the cost of which is now sought to be imposed upon abutting property, it was beyond the power of the legislature to cure this defect by a subsequent statute. This last suggestion of defense is entirely without force. It has been so frequently ruled, in this state, that the legislature may impose upon a local district a tax to pay the expense of a public improvement already made, that it might have been assumed that the question had passed beyond the realm of discussion. Such laws interfere with no contract and divest no vested rights. The public has a right to demand that a lot owner shall contribute to pay for a public work from which his property has received a benefit peculiar to it, as distinguished from the benefits which accrue to other properties within the municipality not, because of location, affected in like manner. Where, because of some slip in the proceedings, the public is deprived of the remedy by which this right may be enforced, the constitution does not prohibit the legislature from giving a remedy : Schenley v. Allegheny, 36 Pa. 29 ; Donley v. Pittsburg, 147 Pa. 348 ; Bingaman v. Pittsburg, 147 Pa. 353. The legislature

may confer authority upon a municipality to make assessments for work already completed, although the act under which the work was undertaken required that a majority of property owners sign the petition for the improvement, and the provision has not been complied with; and this even though the entire legislation, from which the authority to make the improvement was thought to be derived, was itself unconstitutional. Whitney v. Pittsburg, 147 Pa. 351.

The allegations of defect in the title of the act are : 1. The title of the act does not indicate upon what the intended lien was to be placed, as well as what the lien was to secure. 2. That it does not indicate the purpose of the act to cure defects in former proceedings. 3. That the title simply indicates a general prospective municipal lien, without retroactive features. The title of the act is, " An act providing for the creation and regulation of municipal liens and the proceedings for the collection thereof in the several boroughs of this state." The system of municipal taxation was well known to the legal profession, the legislature and the public. The municipal lien is merely the remedy provided for the enforcement of the right of the public to have contribution from property peculiarly benefited. The whole system has its foundation in the theory of special assessments for special benefits. The title of this act was notice that it was proposed to deal with this system, i. e., to vest in boroughs the power to use this remedy in the enforcement of the right which grew out of the recognized system of taxation. It was thus made manifest that the real estate peculiarly benefited by the municipal improvement was to be subjected to the lien, and that the lien was the remedy afforded by the legislation to secure to the public reimbursement for the cost of the improvement. The title of an act is not required to be an index to its contents, and the title of the act in question was sufficient notice that the legislation proposed to deal with all municipal liens in boroughs. It was not necessary that the act should, in its title, declare its purpose to be the authorization of a lien for the enforcement of an equitable charge, which, because of some defect in procedure, had become uncollectable. The Act of May 16, 1891, P. L. 71, was curative in its purpose and effect. The title gave no notice of that fact, but the legislation was sustained : Donley v. Pittsburg, 147 Pa.

348.   The title gives to all persons interested ample notice of
the subject of the act; all persons are presumed to have known
that the legislature had power to authorize the filing of liens
for work that had already been done, as well as for work that
was to be done in the future.   This was certainly sufficient to
lead them into an inquiry into the body of the bill.   It was not
necessary that the title should set forth that it was the inten-
tion, by the legislation, to provide a remedy for the collection of
claims then owing, as well as claims that should arise in the
future: Mauch Chunk v. McGee, 81 Pa. 433; Washington
Borough v. McGeorge, 146 Pa. 248.   The objection to the title
of the act is not well founded.

This disposes of all the questions raised by this appeal, save
that which led the learned judge of the court below to discharge
the rule for judgment.   Does the act of 1897 contravene sec-
tion 6 of article 3 of the constitution?   " No law shall be re-
vived, amended, or the provisions thereof extended or conferred
by reference to its title only, but so much thereof as is revived,
amended, extended or conferred shall be re-enacted and pub-
lished at length."   That the borough was vested with authority
to improve its streets is not to be questioned.   The work upon
the street was, therefore, lawfully done.   The public had an
equity to demand that the property benefited should be assessed,
but that equity was not enforceable because of lack of a remedy.
The act of 1897 cured the defect in the proceedings, and, in pro-
viding a manner in which the amount to be paid by each property
owner should be ascertained, authorized a resort to existing
legislation.   The existing legislation was in nowise changed,
but the act merely made it available for the purposes of ascer-
taining what these defendants were to pay.   To accomplish
this result the act used this language: " The councils of such
incorporated borough may cause the property bounding or abut-
ting upon the street or thoroughfare upon which the improve-
ment has been made, or is now being made, to be assessed with
such a portion of the cost of such improvement as is contem-
plated by the law under which the improvement was made, or
is now being made; such assessment shall be a lien upon the
property assessed."   The act, having first made the proceed-
ings valid and binding, provided that the legislation under
which the improvement was undertaken should be made avail-

able for the purpose of making the assessments. This act is complete in itself. The purpose, meaning and full scope of its operation is apparent on its face. Whatever doubts may have existed as to the validity of legislation of this character, at the time this case was disposed of by the learned judge of the court below have been set at rest by the decision of the Supreme Court in In re Greenfield Avenue, 191 Pa. 290. The opinion of Mr. Justice MITCHELL, who spoke for the court in that case, renders further discussion unnecessary. See also Knisely v. Cotterel, 196 Pa. 614.

The judgment of the court below is reversed, and the record is remitted, with direction to the court below to enter judgment against the defendants for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the said court why said judgment should not be so entered.