### Ligonier Borough v. Deeds.

*Constitutional law—Local and special acts—Act of March 29, 1923.*

1. The Act of March 29, 1923, P. L. 47, does not violate article iii, section 7, of the Constitution, which provides that the general assembly "shall not pass any special or local law authorizing the creation, extension or impairment of liens."

2. It cannot be asserted that the act is a local or special law inasmuch as it is not applicable to cities as well as boroughs.

*Road law—Municipal liens for paving—State highway—Acts of May 16, 1923, P. L. 207, and March 29, 1923.*

3. The appointment of viewers to assess upon abutting property benefits resulting from the paving of a street is not a condition precedent to a valid assessment of such benefits.

4. Where a borough agrees with the State Highway Department to pay a part of the cost of paving a borough street on a state highway, and the borough takes no steps to assess benefits upon abutting property until four years afterwards, and after the passage of the remedial Act of March 29, 1923, P. L. 47, when it passes an ordinance assessing benefits according to the foot-front rule, such ordinance is valid, and the assessments thereunder may be collected from owners of abutting property.

5. The foot-front rule in the built-up portion of a city or borough is not objectionable.

6. The fact that a borough has not paid its proportionate share of the costs of paving a state highway within the borough limits is not a ground for striking off a lien filed by the borough against property abutting on the highway for benefits received by the improvement.

7. A municipal claim need not set forth the enactment of an ordinance authorizing the paving of a street.

8. The legislature has authority to enact remedial legislation, authorizing the filing of a lien for paving, four years after the completion of the improvement.

Rule to show cause why municipal lien should not be stricken from the record. C. P. Westmoreland Co., M. L. D., No. 8847.

*Gregg & Gregg,* for plaintiff; *Marker & Rial,* for defendant.

WHITTEN, J. — By virtue of an Ordinance of the Borough of Ligonier, approved Sept. 26, 1918, said borough agreed to pay to the State Treasurer 25 per cent. of the cost of paving and improving a certain portion of Main Street in said borough, which portion of Main Street constituted a section of State Highway Route No. 119, such improvement to be made in the same

manner as a state-aid highway, in accordance with the provisions of the Act of May 17, 1917, P. L. 235.

The State accepted the said agreement on the part of the Borough of Ligonier and began the improvement of Main Street in said borough in 1918, and completed the same in 1919. However, the borough took no steps to assess benefits upon the property abutting on the said improvement until June 26, 1923, when an ordinance was adopted for that purpose, in accordance with the provisions of the Act of March 29, 1923, P. L. 47.

Pursuant to the provisions of said ordinance and the Act of March 29, 1923, P. L. 47, the Borough of Ligonier assessed benefits according to the foot-front rule against the defendant's land abutting on Main Street, amounting to $49.20, being 82 cents per foot front.

The defendant refused to pay such assessment after demand made, and the Borough of Ligonier on Nov. 30, 1923, filed a municipal lien or claim therefor at No. 8847, M. L. D., in the Court of Common Pleas of Westmoreland County, Pennsylvania.

Dec. 10, 1924, the defendant presented his petition to the court and obtained a rule upon the Borough of Ligonier to show cause why said municipal claim should not be stricken from the records of said court.

Jan. 19, 1925, the Borough of Ligonier filed its answer to said rule, denying the petitioner's right to strike off the said municipal lien or claim.

In his said petition the defendant seeks to strike off the said municipal claim because:

1. The lien does not set forth that viewers were appointed to assess benefits and damages by reason of the improvement of Main Street, and that, in fact, viewers for that purpose were not appointed and that no such assessment was made.

2. The lien does not set forth that any ordinance was adopted authorizing the improvement of Main Street abutting the defendant's property, and avers that no such ordinance was passed.

3. The acts of assembly recited in the lien filed confer no authority upon the plaintiff to file said lien, the Acts of March 29, 1923, P. L. 47, May 31, 1923, P. L. 478, and June 9, 1923, P. L. 689, having been enacted four years after the completion of the said improvement of Main Street.

4. No ordinance was legally adopted authorizing the improvement of Main Street prior to the completion of said improvement.

5. The Borough of Ligonier has not paid to the Commonwealth its share of the cost of such improvement of Main Street.

6. The said acts of assembly adopted in 1923 are unconstitutional and void.

These contentions may conveniently be discussed in the order above named:

1. The Act of May 16, 1923, § 10, P. L. 207, specifies what matters shall be set forth in a municipal lien or claim. In the instant case, the municipal claim filed lacks nothing required by the above statute. The court has no authority to add additional requisites to such statutes: Philadelphia v. Richards, 124 Pa. 308.

Nor is the appointment of viewers to assess upon abutting property benefits resulting from the paving of a street a condition precedent to a valid assessment of such benefits, unless the statute relating thereto so requires.

Special assessments for street improvements may, under legislative authority, be made in proportion to the frontage area. The foot-front rule of assessment for paving is not objectionable if the street so paved is in a built-up portion of a city or borough: Philadelphia v. Crew-Levick Co., 278 Pa. 218; Dunsmore Borough, 76 Pa. Superior Ct. 473.

Ligonier Borough v. Deeds.

It is not averred that Main Street is not in a built-up portion of the borough or that the portion of Main Street so paved passed through rural lands.

If the assessment against the defendant's property is deemed excessive, his remedy therefor is not a motion to strike off the lien. However, defendant does not aver that the cost of the improvement is excessive or that he has been assessed with more than his proportionate share thereof.

The defendant does not aver that his property has been taken, injured or destroyed by reason of the paving of Main Street. Moreover, the portion of Main Street in the Borough of Ligonier so paved is a state highway: Act of May 31, 1911, § 6, P. L. 468. After the improvement thereof, said street remained a state highway: Act of May 17, 1917, P. L. 235.

It is not apparent that the Borough of Ligonier is liable for damages resulting to this property in the paving of Main Street. The State constructed the improvement. If defendant's property was taken, injured or destroyed in the paving of Main Street, the Commonwealth of Pennsylvania or the County of Westmoreland—not the Borough of Ligonier—is answerable therefor: Jamison v. Cumberland County, 234 Pa. 321. See, also, State Highway Route No. 2, 265 Pa. 369; Act of May 23, 1923, P. L. 341.

The first objection to the municipal claim is not sustained.

2. The statute does not require a municipal claim to set forth the enactment of the ordinance authorizing the paving of a street. However, the answer of the borough to this petition annexes a copy of such an ordinance which plaintiff avers was duly adopted by said borough. The second reason is likewise overruled.

3 and 4. The defendant denies the authority of the Borough of Ligonier to file any lien against his property, because the statutes authorizing the filing of such lien were adopted about four years after the completion of the said street improvement.

That the Commonwealth has authority to enact such remedial legislation is too well settled to justify a discussion thereof. The courts of last resort have decided many times the question adversely to the defendant's contention: Allegheny v. Stewart, 43 Pa. Superior Ct. 538; Donley v. Pittsburgh, 147 Pa. 348; West Newton Borough v. Sholl, 88 Pa. Superior Ct. 1. The third and fourth objections to the municipal claim are not sustained.

5. The defendant also seeks to strike off this municipal claim because the Borough of Ligonier has not paid its proportionate share of the cost of the paving of Main Street to the State. No authority sustaining this contention has been cited by defendant's learned counsel, and, we think, none can be found. The fifth reason is also overruled.

6. The defendant avers that the Acts of March 29, 1923, P. L. 47, May 31, 1923, P. L. 478, and June 9, 1923, P. L. 689, violate article III, section 7, of the Constitution of Pennsylvania, and are void; and that, therefore, the said municipal claim was filed without authority of law.

It is conceded by plaintiff's learned counsel that, without the aid of the said curative Acts of 1923, the Borough of Ligonier had no authority to file this municipal claim. The curative Act of June 9, 1923, P. L. 689, is by its terms limited to cases where "any incorporated borough . . . has required by ordinance and caused to be graded, paved, curbed or macadamized . . . any public street . . . pursuant to said ordinance," but owing to certain enumerated defects in the procedure, "payment thereof cannot be enforced."

It is apparent that the above statute and also the Act of May 31, 1923, P. L. 478, apply only to street improvements constructed by a borough and not to the construction of state-aid highways.

However, the curative Act of March 29, 1923, P. L. 47, undertakes to authorize the making of an assessment by the foot-front rule of all or a portion of the borough's share of the cost of an improvement constructed by the State Highway Department upon owners of real estate abutting on said improvement.

Section 2 of the above act (March 29, 1923, P. L. 47) provides that: "The proceedings in any such case shall be the same as is now provided by law for the assessment and the collection of the cost of improving any additional width of any street in any borough constituting a section or a part of a state highway, by the State Highway Department, where by law the cost of such additional width may be collected by assessment by the foot-front rule from real estate abutting along the improvement." The "proceedings" mentioned in the above statute are those set forth in the General Borough Act of May 14, 1915, P. L. 312, ch. 6, art. VII, § 17 (page 352) and section 9 thereof (page 350), as amended by the Act of June 5, 1919, P. L. 401. The said section 17 provides that: "If any assessment shall remain unpaid . . . it shall be the duty of the borough solicitor to collect the same . . . by action of *assumpsit* or by a lien to be filed and collected in the same manner as municipal claims."

The filing of municipal liens for the collection of municipal claims is now regulated by the Act of May 16, 1923, P. L. 207.

Article III, section 7, of the Constitution of Pennsylvania provides: "The general assembly shall not pass any special or local law authorizing the creation, extension or impairing of liens."

Defendant's learned counsel contend that the Act of March 29, 1923, P. L. 47, creates, or attempts to create, a lien against certain lands abutting on Main Street in the Borough of Ligonier, the property of the defendant; that the said act is a local or special law, in that it is not applicable to cities as well as boroughs, and that, therefore, it is unconstitutional and void.

The 2nd section of the act provides the *procedure* for the filing of liens against property assessed with benefits and for the collection of such benefits. As already pointed out, the statutes referred to in this section of the act are clearly general laws.

The 1st section of said act applies only where theretofore the State Highway Department has permanently improved a street in a borough which constitutes a section of the state highway, and where the borough has agreed with the State to pay a part of the cost of such improvement, and where, owing to neglect or lack of power so to do, the borough has not passed an ordinance assessing all or any portion of the borough's share of the cost thereof on the owners of real estate abutting on the line of the improvement.

In such a case—and not otherwise—the borough is authorized thereafter to provide by ordinance for an assessment by foot-front rule of all or a part of the borough's share of the cost of such improvement upon the owners of real estate abutting on the improvement.

The 1st section of this Act of March 29, 1923, P. L. 47, *creates or extends* the lien which the Borough of Ligonier now seeks to maintain against the defendant. Is this section of the statute a local or special law? This is the whole case boiled down.

Defendant's learned counsel earnestly contend that the act is local, because owners of lands in cities of the Commonwealth abutting on state highways improved under like conditions are not subject to a similar assessment.

The vice of this contention is that the law has not established any state highway within the boundaries of any city in the Commonwealth: Act of May 31, 1911, P. L. 468, amended by the Act of May 18, 1923, P. L. 252.

On the other hand, the statutes specially provide for the construction of state highways within the limits of boroughs or incorporated towns where any road or street within the limits of any borough or incorporated town shall form a section of a state highway. Main Street in the Borough of Ligonier forms a section of a state highway, to wit, Route No. 119.

In the circumstances, it would be a vain thing for the legislature to provide for the assessment upon owners of lots abutting on state highways in cities of a portion of the cost of the improvement thereof, when there are no state highways in any city, and where, under existing laws, no state highway can be established within any city.

Defendant's learned counsel cite as sustaining their contention: Davis v. Clark, 106 Pa. 377; City of Philadelphia v. Haddington M. E. Church, 115 Pa. 291; Safe Deposit and Trust Co. v. Fricke, 152 Pa. 231, and Pittsburgh's Petition, 138 Pa. 401.

In Davis v. Clark, 106 Pa. 377, a statute gave the right to file a mechanic's lien in certain cases, with the proviso that that statute should not apply to counties having a population of more than 200,000 inhabitants. This statute was declared unconstitutional, as being special in its terms and local in its effect, in that it arbitrarily excluded from its operation two counties of the state.

In City of Philadelphia v. Haddington M. E. Church, 115 Pa. 291, an act *extending* the lien of municipal claims in cities of the first class beyond the time provided by general laws was declared unconstitutional.

In Safe Deposit and Trust Co. v. Fricke, 152 Pa. 231, an act *extending* municipal liens and prescribing the effect of judicial sales thereon in cities of the second class was held unconstitutional.

In Pittsburgh's Petition, 138 Pa. 401, 435, it was held, *inter alia*, that: "There cannot be a different system of practice in the courts for the collection of municipal liens for every class of municipal corporations in the Commonwealth."

It must be apparent that none of the above authorities cited by defendant's learned counsel are applicable to the facts presented by the record in the case at bar.

The Act of March 29, 1923, P. L. 47, does not exclude from its operation assessments against owners of lands situate in a city and abutting on a state highway, because, under existing laws, there can be no state highway within any city of the Commonwealth.

While state highways traverse townships, the Commonwealth has not authorized the assessment of any portion of the cost of the construction or improvement thereof upon the *owners* or *lands* in a township *abutting* on such improvement. The Act of March 29, 1923, P. L. 47, 49, could not be extended to townships.

"The system of assessments by the foot-front rule cannot be constitutionally applied to rural neighborhoods:" McKeesport v. Soles, 165 Pa. 628. "The Act of May 12, 1911, P. L. 288, empowering boroughs to pave public streets and to apportion the cost thereof on the owners of properties abutting thereon, is not open to the objection that it is local, as it relates to all boroughs in the Commonwealth, or that it is special, as all boroughs have frequently been recognized as proper subjects of classification, and is valid:" South Fork Borough v. P. R. R. Co., 251 Pa. 261.

In the above case the court (opinion, page 267) says: "Nor is the objection to the Act of May 12, 1911, P. L. 288, upon the ground of its unconstitutionality, well founded. The act is not local, as it relates to all boroughs in the

Commonwealth. Nor is it special, as boroughs have frequently been recognized as proper subjects of classification. The language of this court in City of Scranton *v.* Whyte, 148 Pa. 419, is as applicable to boroughs as to cities of the third class. It was there held, as set forth in the syllabus, that 'the subject of the grading and paving of streets is clearly and exclusively one for municipal control. The power to collect the cost of the work so done by any appropriate form of taxation is a municipal power. Therefore, an act upon this subject relating to one of the classes of cities is constitutional. So far as such an act applies to such cases and regular and settled course of procedure, as, for example, the filing of a lien for assessment, with the usual procedure thereunder, it does not offend against the Constitution by providing for peculiar local procedure.' "

"The test by which is to be ascertained the constitutionality of a law relating to cities of a particular class is the subject-matter to which the law is applicable. If it relates to subjects of municipal concern only, it is constitutional because operating upon all members of the class, and, therefore, a general law. If it relates to subjects of a general, as distinguished from a municipal, character, it is local, and, therefore, invalid, although it may embrace all the members of a class:" City of Scranton *v.* Whyte, 148 Pa. 419. See, also, New Brighton Borough *v.* Biddell, 14 Pa. Superior Ct. 207; affirmed, 201 Pa. 96.

"Legislation is not necessarily unconstitutional because it is special or local. On the contrary, legislative authority inherently includes power to pass laws for special or local needs. Legislation for a class distinguished from a general subject is not special, but general, and classification is a legislative question, subject to judicial revision only so far as to see that it is founded on real distinctions in the subjects classified, and not on artificial or irrelevant ones used for the purpose of evading the constitutional prohibition. If the distinctions are genuine, the courts cannot declare the classification void, though they may not consider it to be on a sound basis. The test is not wisdom, but good faith in the classification:" Seabolt *v.* Commissioners, 187 Pa. 318.

"Every presumption is in favor of the validity of the exercise of legislative power, and an act must be upheld unless its provisions plainly violate a constitutional mandate:" Com. *v.* Puder, 261 Pa. 129.

"A statute is void only when it clearly, palpably and plainly violates the Constitution. A doubt as to the constitutionality of an act of assembly is to be resolved in favor of the validity of the act:" Shaffer *v.* Public Service Commission, 268 Pa. 456.

Our conclusion is that the Act of March 29, 1923, P. L. 47, is not a local or special law within the prohibition of article III, section 7, of the Constitution of Pennsylvania, although the statute does not, in terms, embrace the like improvement of state highways within the limits of cities or within the limits of townships.

### Decree.

And now, Feb. 2, 1925, after argument of counsel, and upon due consideration, the rule heretofore granted to show cause why the municipal lien against the defendant at No. 8847 M. L. D. should not be stricken off is discharged, with leave to the defendant to file an affidavit of defence to the writ of *scire facias* issued therein at No. 809, November Term, 1924, within fifteen days from this date.          From William S. Rial, Greensburg, Pa.