# City of Bradford *v.* J. E. Fox, Appellant.

*Municipalities—Ordinances—Cities of the third class—Act of May 23, 1889, P. L. 288—Estoppel.*

The act of May 23, 1889, art. V. sec. 10, P. L. 288, providing that in cities of third class councils shall not order any street to be paved at the cost of abutting owners "unless the ordinance for such improvement shall have been passed by a vote of two thirds of all the members of each branch of councils," is not merely directory, but is a limitation upon the power of councils; and the city cannot recover from an abutting owner on a municipal lien for cost of paving if the ordinance authorizing the improvement was not passed by a two thirds vote.

An abutting owner is not estopped from objecting to the invalidity of the ordinance by the fact that he appeared before councils while an ordi-

nance was pending providing for a particular kind of paving, and requested a different kind of paving, which kind was subsequently adopted by the ordinance passed without the statutory vote.

Argued May 7, 1895. Appeal, No. 311, Jan. T., 1895, by defendant, from judgment of C. P. McKean Co., Oct. T., 1891, No. 323, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, DEAN and FELL. JJ. Reversed.

Scire facias sur municipal lien. Before OLMSTED, P. J., and MORRISON, J.

At the trial it appeared that an ordinance was passed on February.16, 1891, providing for the paving of Chestnut street, in the city of Bradford with brick. The ordinance was not passed by a two thirds vote of all the members of each branch of councils, as required by the act of May 23, 1889, art. V. sec. 10, P. L. 288.

Plaintiff gave evidence tending to show that in 1890, when an ordinance was pending for paving the street with stone, the defendant joined others in presenting a petition in favor of paving the street with vitrified brick.

Plaintiff's points were as follows:

1. That the municipal claim and registry thereof in evidence is prima facie evidence of what the claim contains, and unless disproved entitles plaintiff to a verdict. *Answer:* We affirm this point. [1] . . . .

4. That the statutory prerequisites to the enactment of such ordinance are directory, and strict compliance therewith is not essential to the validity of the ordinance. *Answer:* This we affirm. [2]

Defendant's points were as follows:

1. If the jury find that the ordinance passed by councils for the paving of the street aforesaid did not receive two-thirds of the votes of all the members elected to each of the branches of councils, then the city never acquired jurisdiction to pave the street in question at the expense of the owners of the property fronting thereon, and the verdict must be for the defendant. *Answer:* Affirmed, unless under the evidence the jury should find that the defendant is estopped from setting up such defense. [3] ·

3. The city of Bradford having been chartered as a city of

the fifth class under the provisions of the act of May 23, 1874, as amended by the act of April 11, 1876, creating five classes of cities, and the said act of April 11, 1876, having been declared unconstitutional, the said city never had any legal existence as a city, and the verdict must be for the defendant. *Answer:* We answer this point in the negative. [4] . . . .

5. That the municipal authorities of the city of Bradford having declared that they were acting in pursuance of the concurrent resolution approved October 11, 1890, are bound by such declaration, and the verdict must be for the defendant. *Answer:* We answer this point, as drawn, in the negative. [5]

6. If the " city of Bradford " is a city under the charter granted in 1878, it having been chartered as a city of the fifth class under the act of April 11, 1876, and the said act having been declared unconstitutional, it is not a city of the third class, and not having, by ordinance, adopted the act of May 23, 1874, as required by the act of May 23, 1889, no lien could be legally filed by said city under the provisions of the act of May 23, 1889. *Answer:* We answer this in the negative. [6]

7. That under all the evidence in this case the verdict of the jury must be for the defendant. *Answer:* We answer this point in the negative. [7]

8. That the evidence in this case is not sufficient to estop the defendant from setting up the invalidity of the proceedings in question, if in fact invalid. *Answer:* We decline to answer this point as requested, but answer it in the negative. [8]

Verdict and judgment for plaintiff for $389.46. Defendant appealed.

*Errors assigned,* among others, were (1-8) above instructions, quoting them.

*T. A. Lamb, Eugene Mullin* and *T. F. Mullin* with him, for appellant.—Defendant was not estopped from denying the validity of the ordinance : Bispham, Eq. sec. 290 ; Bidwell v. Pittsburg, 85 Pa. 412 ; Sharp's Petition, 56 N. Y. 257 ; McLausen v. Grand Forks, 27 Am. & Eng. Corp. Cases, 161 ; Tone v. Columbus, 3 Am. & Eng. Corp. Cases, 644.

A city can create a valid municipal lien only when the improvement is made in pursuance of law ; and where the legislature has prescribed certain formalities, compliance with which

is essential to the validity of an ordinance, an ordinance in which these formalities have been omitted will be void : Pittsburg v. Walter, 69 Pa. 365 ; Fell v. Philadelphia, 81 Pa. 58 ; Wilson v. Allegheny, 79 Pa. 272 ; Western Pa. Ry. v. Allegheny, 92 Pa. 100.

*Wm. Wallace Brown* and *Rufus B. Stone,* for appellee.—The registered claim is in the nature of a judgment and the scire facias thereon in the nature of an execution : Umberger v. Zearing, 8 S. & R. 162 ; 2 Trickett on Liens, 727.

Every intendment of fact is to be made in support of the judgment of a court of record : Gram's App., 4 Watts, 43 ; Windsor Twp., 9 Watts, 248 ; Cromelian v. Brink, 29 Pa. 522 ; Thomas v. Northern Liberties, 13 Pa. 117 ; Phila. v. Burgin, 50 Pa. 539 ; Watson v. Phila., 93 Pa. 111.

The petition which was so scrupulously heeded by councils, of itself should operate as an estoppel, and was very proper evidence to go to the jury with the other evidence in the case : McKnight v. Pittsburg, 91 Pa. 273 ; Dewhurst v. Allegheny, 95 Pa. 437 ; Ferson's App., 96 Pa. 140 ; Pepper v. Phila., 114 Pa. 96 ; Harrisburg v. Baptist, 156 Pa. 526 ; Redfield St. R. R. v. Reynolds, 46 Conn., 375 ; Thatcher v. People, 98 Ill. 632 ; Logansport v. LeRose, 99 Ind. 117 ; Hickly v. Wilson, 104 Ill. 54.

Where unanimity is necessary to legal authority to make an order, and an order is entered, it will be presumed, when the contrary does not appear, that it was made with the required unanimity ; Dillon Mun. Corp. sec. 247 ; Lexington v. Headley, 5 Bush, 508 ; Covington v. Boyle, 6 Bush, 204 ; McCormick v. Bay City, 23 Mich. 457.

A person who signs a petition to city councils where a two thirds vote is required, cannot set up a violation of the statute and claim that the assessment is void and illegal because two thirds did not vote for the ordinance : Burlington v. Gilbert, 31 Iowa, 356 ; Kellogg, Treas., v. Ely, 15 Ohio, 64 ; Corry v. Ganor, 22 Ohio, 584 ; New Haven v. Fair Haven & Westfield R. R., 28 Conn. 422 ; LaFayette v. Fowler, 34 Ind. 140.

Opinion by Mr. Chief Justice Sterrett, October 7, 1895 :
On the trial of this scire facias the plaintiff gave in evidence,

under objection, its statement of claim registered under the provisions of article XV. section 22 of the act of May 23, 1889, P. L. 323, and then rested. The learned trial judge thought a prima facie case in favor of the plaintiff was thus presented, and for answer thereto the defendant introduced evidence proving that the alleged ordinance, under which the paving was done, was not passed by a vote of two thirds of all the members of each branch of councils as required by article V. section 10 of said act.

After providing for grading, paving etc. at the cost of abutting property owners, etc., that section declares : " Councils shall not order any street, lane or alley, or part thereof to be paved or macadamized at the cost of the owners whose lands front upon the street, lane or alley, or part thereof to be improved, unless the ordinance for such improvement shall have been passed by a vote of two thirds of all the members of each branch of councils, in which case councils may direct the improvement to be made at the cost of the owners without petition : " etc. This provision is not merely directory. For obvious reasons, it is clearly a limitation of the power of councils, and should be rigidly enforced whenever they attempt to transcend their authority. In this case, the paving was not petitioned for by the property owners on the line of the proposed improvement. It was clearly and conclusively proved by the record of councils that the ordinance in question was declared passed and approved by the mayor in utter disregard of the law. The learned trial judge, in affirming defendant's first and second points for charge held, in substance, that the verdict must be for defendant, unless he had estopped himself from setting up such defense. In the language of these points, the jury were instructed, that if "the ordinance did not receive two thirds of the votes of all the members elected to each branch of councils, then the city never acquired jurisdiction to pave the street in question at the expense of the owners of the property fronting thereon, and the verdict must be for the defendant ; " and (2) " To have been legally passed, said resolution and ordinance must have received at least four votes in the select council and seven in the common council, and if passed by a less number, said resolution and ordinance were not legally passed and the verdict must be for the defendant."

As to the facts of which these points are respectively predicated, the uncontroverted proof, by the records of councils, was that on the third reading and final passage of the ordinance it received only three votes in the select branch and six in the common branch,—less than a two thirds vote in each branch of councils.

The only answer the plaintiff could make, or attempted to make, to this otherwise conclusive defense, was that, by certain acts of the defendant, he was estopped from setting up the manifest invalidity of the ordinance.

As to the acts of the defendant which are alleged to constitute estoppel, the testimony was so conflicting that the court deemed it necessary to submit the questions of fact involved to the jury with instructions which appear in the general charge. Without referring specially to said testimony, it is sufficient to say that a careful examination of all the evidence that has any bearing on the subject of the alleged estoppel, and viewing it in its most favorable light from the plaintiff's standpoint, we are convinced that it is wholly insufficient to justify the submission of that question to the jury. Defendant's seventh and eighth points, requesting the court to charge in substance, (1) that the evidence was insufficient to estop defendant from setting up the invalidity of the ordinance, and (2) that, under all the evidence, the verdict must be for the defendant, should both have been affirmed without any qualification.

The acts of alleged estoppel consist almost exclusively in defendant's opposition to paving the street with stone instead of brick, as was at first proposed; and that occurred a considerable time before the passage of the void ordinance. When councils were proposing to pass an ordinance to pave the street, defendant, in common with other interested property owners, had a perfect right to express his preference for a brick pavement, and to use all fair and honorable means to that end. If he did anything more than that, the testimony fails to show it; and that was all done in expectation of the passage of a valid ordinance under which such improvement could be legally made. There is not a scintilla of evidence to the contrary. The regular passage of a proper ordinance and approval thereof by the mayor were absolutely necessary to the validity of the proceedings to pave the street. No one knew this better than members

of the councils, and it was their especial duty to see that the ordinance was regularly and legally passed.   There is no evidence that the defendant, or any one else, interfered with them, or any of them, in the discharge of that strictly personal duty and obligation.   In the absence of such an ordinance, without even an allegation that defendant induced the municipal author- ities to pass the invalid ordinance or to take any action there- under, and without a particle of evidence that he knew of the defect in its passage, it would be grossly unjust to say he should be estopped from setting up, as a defense, the manifest invalidity of the ordinance under which the work was done.   We fail to discover in the testimony anything from which a single element of estoppel can be fairly and justly found.

Judgment reversed.