## Queen Street.

*Road law—Paving—Ordinance—Act of May* 31, 1897, *P. L.* 114—*Act of April* 18, 1899, *P. L.* 57.

An ordinance passed without petition of property owners, as provided by the Act of May 31, 1897, P. L. 114, to pave an unimproved portion of the street so as to " connect two streets or parts of a street, theretofore paved and improved," is invalid where the ordinance fails to provide for the paving of a portion of a street which is intersected by the tracks of a railroad company and an alley alongside the same, although by direction of the street committee the alley was paved at the same time. Objection to the validity of the ordinance may be raised by exceptions to the viewers' report.

A property owner may object to the validity of an ordinance under the Act of May 31, 1897, P. L. 114, by exceptions to the report of viewers, notwithstanding the fact that his objection to the appointment of viewers had been previously overruled by the court. The appointment of viewers is not a final judgment.

The complaint of a property owner to a constable of the bad condition of a street is not equivalent to petitioning the corporate officers to grade the street and pave it with brick. Such action by the property owner will not estop him from defending against an assessment made under an invalid ordinance for paving, and this is especially so where it appears that the owner went before the borough council and objected to the adoption of the proposed ordinance.

Where the record in a road case shows that a paving ordinance was passed without petition of the property owners under the Act of May 31, 1897, P. L. 114, and that the subsequent proceedings were under the act of May 16, 1891, the curative provisions of section 1, of the Act of April 18, 1899, P. L. 57, do not apply.

Argued May 13, 1901.      Appeal, No. 21, April T., 1901, by

Burgess and Town Council of Kittanning Borough, from order of C. P. Armstrong Co., March T., 1899, No. 51, sustaining exceptions to report of viewers in the matter of Queen Street. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ: Affirmed.

Exceptions to report of viewers.

From the record it appeared that on August 16, 1898, the borough of Kittanning, without petition of property owners, passed an ordinance, providing for the curbing and paving of all parts of Queen street which were not curbed and paved, " and which parts separately do not exceed 500 feet in length, and connect other parts of the said street already curbed and paved." The parts to be paved were further particularly described in the ordinance as follows :

That part north of Reynolds avenue, being 128 feet and eight inches in length and upon which is abutting on the west side thereof property of A. S. Schrecongost 128 feet and eight inches, and on the east side property of H. N. Snyder, 128 feet and eight inches, and connecting other parts of said street already curbed and paved.

It appeared that Reynolds avenue interested Queen street and that it was paved west of the intersection of Queen street. Queen street from its intersection with Reynolds avenue for 148 feet north from the intersection was unpaved. The space of twenty feet which extended from the end of 128 feet which represented Snyder's line to the end of the 148 feet which was the total portion of the unpaved part of the street was occupied by the tracks of the Allegheny Valley Railroad and a public alley alongside of the railroad. Both the alley and the railroad intersected the street. Under oral instructions the portion of the street covered by the alley was paved, but the portion of the street covered by the railroad was not. The viewers assessed benefits against Snyder.

Exceptions to the report of the viewers were sustained in an opinion by GREER, P. J.

*Errors assigned* were in sustaining exceptions to report of viewers.

*R. A. McCullough*, for appellant.—The act gives the power

to boroughs to improve a part of a street, whenever the part sought to be improved either connects with improved parts of two distinct streets or connects two parts of the same street already improved.

One moving for public improvement and aiding in the proceeding of the same is estopped from denying that they are without authority of law : Bidwell v. City of Pittsburg, 85 Pa. 412 ; Ferson's Appeal, 96 Pa. 140.

Appellant further contends that if for any cause the ordinance or the act of assembly under which it was enacted were invalid, such invalidity was cured by the Act of April 18, 1899, P. L. 57.

Viewers having been appointed and having completed their labors and reported to the court, the remedy of Mr. Snyder was by appeal : Millvale Borough v. Poxon, 123 Pa. 497.

*James H. McCain*, of *McCain & Christy*, for appellee.

OPINION BY RICE, P. J., October 14, 1901 :

Section 1 of the Act of May 31, 1897, P. L. 114 provides : " That all boroughs in this commonwealth shall have power, without petition of property owners, to grade, pave, curb, macadamize and otherwise improve public streets, or parts thereof, where said streets or parts thereof do not exceed 500 feet in length and connect two streets or parts of a street, theretofore paved and improved." It has been suggested that the improvement here authorized must connect two distinct streets, both of which are improved or improved parts of two distinct streets. But this we think is too narrow a construction. The act also gives power to improve part of a street whenever the part to be improved connects two parts of the same street already improved, or connects the improved part of a street with the improved part of the intersecting street. At the date of the adoption of the ordinance in question it seems that the quadrangle formed by the intersection of Queen street and Reynolds avenue had been paved, that that part of Reynolds avenue extending west from that point had been paved and that Queen street had been paved from its northern terminus to the northern edge of the Allegheny Valley Railroad track, which intersected it. That part of Queen street extending from its inter-

section with Reynolds avenue to the northern edge of the railroad track was about 148 feet in length, and was unpaved. The ordinance in general terms speaks of the curbing and paving of all parts of Queen street not curbed and paved, but specifically described the part to be improved as follows : " That part north of Reynolds avenue being 128 feet and eight inches in length and upon which is abutting on the west side thereof property of A. S. Schreckengost, 128 feet and eight inches, and on the east side property of H. N. Snyder 128 feet and eight inches, and connecting other parts of said street already curbed and paved." The improvement thus specifically described, whether we regard the reference to the length or to the abutters as controlling, would leave about twenty feet of the street unpaved. This space was occupied by a public alley, and the railroad alongside of it, which intersected the street. The contract which was let pursuant to the ordinance did not call for the pavement of this part of the street. It appears, however, that at or about the time when the pavement described in the ordinance was laid the work was extended by oral direction of the street committee or the street commissioner, so as to cover the width of the alley. It is not clear that the paving of this part of the street was authorized by the ordinance. But granting that it was, the fact remains that the space, not very great it is true, between the north side of the alley and the north side of the railroad track is unpaved. So that, whether the question as to the power to make the improvement and to assess the cost upon the abutting properties is to be determined by the conditions existing at the date of the adoption of the ordinance or by the conditions existing at the date of the assessment, the conclusion is irresistible that the case is not within the provisions of the act of 1897. This is sufficiently clear from the report of the viewers, and, even if were not, we are unable to assent to the proposition that the sole remedy of the party aggrieved was to appeal, and demand a jury trial. He had a right to except to the report upon the ground that there was no authority of law for the appointment of viewers for the assessment of benefits accruing from such an improvement and upon proof of the facts necessary to sustain the exception the court was clearly authorized to set the assessment aside. Nor was the appointment of viewers in spite

of his objection such an adjudication as debarred him from raising the question again after the report was filed. The appointment of viewers was not a final judgment. The contention that the appellee was estopped to defend against the assessment because he induced the borough to make the improvement cannot be sustained. As the learned judge who presided in the court below well says, his complaint to the constable of the bad condition of the street was not equivalent to petitioning the corporate officers to grade it and pave it with brick. Moreover, it appears in the testimony of a witness called by the borough that the appellee went before council and objected to the adoption of the proposed ordinance. The facts of the case do not justify the application of the principle of estoppel enforced in Bidwell v. Pittsburgh, 85 Pa. 412, and the class of cases following its lead. The remaining point to be noticed is as to the effect of the Act of April 18, 1899, P. L. 57. It seems unnecessary to discuss the question whether such a case as this is within the curative provisions of the first section of that act, because it does not appear that the procedure prescribed in the subsequent sections has been pursued. On the contrary the order of view shows that the proceedings were under the act of May 16, 1891.

The court was clearly right in sustaining the appellee's third exception; it is therefore unnecessary to discuss the others.

The order is affirmed.