## Charleroi Borough *v.* Bailey et al., Appellant.

*Road law—Paving—Grading—Borough—Acts of April 23, 1889, P. L. 44, May 31, 1897, P. L. 114, and May 3, 1909, P. L. 383—Petition of two-thirds of owners—Votes of three-fourths of councils.*

1. A borough ordinance approved October 23, 1908, imposing a special assessment upon property owners for grading, paving and curbing a street, will not support a valid municipal claim, where it appears that no petition had been presented to councils by owners of abutting property for paving the street.

2. The Act of April 23, 1889, P. L. 44, confers no jurisdiction upon a borough to assess property for the cost of grading a street; nor can councils impose a special assessment for paving a street, except, as required by the act of 1889, on the petition of two-thirds of the owners of property representing not less than two-thirds in number of feet of the properties fronting or abutting on the street.

3. A borough ordinance under the Act of May 31, 1897, P. L. 114, for the paving of part of a street, 499 feet in length, and connecting parts of the street already paved and approved, is not valid unless it was voted for by three-fourths of the members of council. A vote of five out of seven councilmen comprising the councils is insufficient.

4. The Curative Act of May 3, 1909, P. L. 383, does not apply to an assessment made under an invalid ordinance where it appears that part of the assessment was for grading a street; nor is it applicable where the borough does not file a claim as provided by the curative act setting forth "the date of the assessment for which the lien is filled." The requirement that the claim must state when the assessment was made, is mandatory.

Argued April 22, 1913.  Appeals, Nos. 80, 81 and 82, from judgments of C. P. Washington Co., Aug. T., 1911, Nos. 210, 213 and 214, on verdict for plaintiff in cases of Charleroi v. John Bailey, Charles Hepler and George W. Lumsden.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.  Reversed.

Scire facias sur municipal claim.  Before McILVAINE, P. J.

At the trial the court directed a verdict for plaintiff, reserving a question of law.

Verdict for plaintiff. Subsequently the court over-ruled a motion for judgment for defendant non obstante veredicto and directed judgment to be entered on the verdict for plaintiff.

*Error assigned* was in entering judgment on the verdict.

R. W. Knox, for appellants.

David M. McCloskey, for appellee.

OPINION BY PORTER, J., July 16, 1913:

The borough of Charleroi, by ordinance approved October 23, 1908, undertook to grade, pave and curb a part of Lincoln avenue, 499 feet in length and connecting parts of the street already paved and improved, and authorized and instructed the burgess to enter into a contract for the performance of said grading, paving and curbing, in accordance with plans and specifications which had been approved by the borough engineer, the burgess and town council. The contract was let, with the approval of the borough council and the work completed in accordance with its provisions, on December 4, 1908. The ordinance provided that upon the completion of "said grading, paving and curbing, the cost and expense thereof be ascertained," and that two-thirds of the cost and expense of the same be assessed upon the owners of the real estate bounding or abutting thereon, "by an equal assessment on the feet front bounding, or abutting as aforesaid, to be estimated by the borough engineer, as provided by the Act of Assembly, approved April 23, 1889, P. L. 44, and the Act of May 31, 1897, P. L. 114." The borough on June 1, 1909, filed municipal claims against the property of these defendants, respectively, stating in each case that: "The work for which this claim is filed consists of the grading, paving with vitrified brick and curbing with stone in front of the property herein described." The

claim, in each case, recited, as the authority under which the work was done, the ordinance above mentioned and the acts of 1889 and 1897, above specifically referred to, and stated that the claim was filed under the provisions of the Act of June 4, 1901, P. L. 364. The claim did conform to the requirements of the statute last mentioned. Writs of scire facias were issued on these claims, the cases were tried together in the court below, and having resulted in verdicts and judgments in favor of the borough, the defendants appeal. The appeals all present the same questions and may be disposed of by a single order.

The borough is attempting to impose a special assessment for benefits upon property abutting on this improvement; it must, therefore, show statutory authority for the imposition and that it has proceeded in the manner provided by the law which confers the jurisdiction. The Act of April 23, 1889, P. L. 44, conferred upon boroughs power to "cause to be paved, curbed or macadamized . . . . any public street or thoroughfare," and to collect in the manner by that statute provided, "two-thirds of the cost and expense of the same, from the owners of the real estate bounding or abutting thereon, by an equal assessment on the feet front bounding or abutting as aforesaid." But that statute in express terms imposed the limitation upon the jurisdiction of the borough council that it "shall not require or cause to be paved, any street or thoroughfare or any part thereof, except on the petition of two-thirds of the owners of property representing not less than two-thirds in number of feet of the properties fronting or abutting on said street or thoroughfare, or the part thereof proposed to be paved." There was in the present case no petition by owners of abutting property for the paving of the street, and this borough was, at the time the ordinance was passed and the work done under it, not in a position to assert jurisdiction to assess property under the act of 1889. This assessment cannot be sustained under the act of 1889 for another reason. It appears upon the face of the claim filed and of the ordinance under which

the work was done that at least a part of the expense with which it is sought to charge this property was for grading the street. The claim as filed throws no light upon how much of the charge was for grading and how much for paving, nor did the borough present any evidence in the court below with regard to that matter. It cannot be assumed, as matter of law, that the grading was a mere incident of the paving. The ordinance and the claim present it as a distinct and substantive matter, the right to impose an assessment, according to the foot-front rule, for the cost of the grading. The act of 1889 confers no jurisdiction upon a borough to assess property for the cost of grading a street.

The Act of May 31, 1897, P. L. 114, confers power upon boroughs to grade, pave, and otherwise improve public streets, when the improvement does not exceed 500 feet in length and connects two streets or parts of a street theretofore paved and improved, without petition of property owners. The second section of that statute authorizes assessments upon property benefited by the improvement "as now provided by law in reference to payment of costs, damages and expenses of public improvements within municipal corporations." This section does not in any manner change the procedure for the ascertainment of the damages and benefits arising from such improvement. The damages and benefits are to be ascertained, assessed and collected under the system provided by other statutes. The only effect of this statute was to confer a limited jurisdiction upon boroughs to improve short streets, or parts of streets, under certain specified conditions, and to make such improvement subject to the general system of laws regulating the assessment of damages and benefits. This jurisdiction was subject to the specific limitation that it should only be exercised "by an affirmative vote of three-fourths of the members elect comprising the councils of the said borough." The number of members of council of the plaintiff borough at the time the ordinance in question was passed is admitted to have been seven, and it is an

undisputed fact that only five members of the council voted for this ordinance. That the five so voting for the ordinance did not constitute three-fourths of the members elect of the council is manifest. These claims can, therefore, find no support in the act of 1897: Queen Street, 18 Pa. Superior Ct. 241; Bradford v. Fox, 171 Pa. 343.

The learned judge of the court below was of opinion that these claims could be sustained under the provisions of the Act of May 3, 1909, P. L. 383. That statute provided that when any borough had required, "by ordinance, and caused to be paved, curbed, or macadamized, with brick, stone or other suitable material, any public street or thoroughfare, or part thereof, or is now causing such paving, . . . . but, owing to some defect in the petition or other proceeding necessary under existing laws to give jurisdiction to such council, or for any other reason, the cost of such improvement or a portion thereof cannot be legally assessed upon the property bounding or abutting upon the street or part thereof improved, as was contemplated by the act or acts of the General Assembly under which the improvement was attempted to be made made . . . . now, by this act such improvements are made valid and binding; and the council of such incorporated borough may cause the property bounding or abutting upon the street or part thereof upon which the improvement has been made, or is now being made, to be assessed with such a portion of the cost of such improvement as is contemplated by the law under which the improvement was made, or is now being made; such assessment shall be a lien upon the property assessed." The constitutional power of the legislature to enact curative statutes of this character is well settled: Donley v. Pittsburg, 147 Pa. 348; Whitney v. Pittsburg, 147 Pa. 351; New Brighton v. Biddell, 14 Pa. Superior Ct. 207, 201 Pa. 96. It may be conceded that the improvement in question was clearly within the provisions of the act of 1909; the work had been done without lawful authority, and the defect was one which the act was intended to

cure.  The statute did not, however, make valid all the irregular proceedings which had been attempted under the unauthorized ordinance, nor did it by its term impose any lien upon property.  It was an enabling statute, conferring upon the borough authority to do something in the future, to escape the consequences of its previous blunders.  The power conferred upon the borough was to be exercised in the future, "the council of such incorporated borough may cause the property bounding or abutting upon the street or part thereof upon which the improvement has been made, . . . . to be assessed with such a portion of the cost of such improvement as is contemplated by the law under which the improvement was made."  There must be affirmative action by the council of the borough.  The second section of the statute relates to the procedure to which the borough must resort in order to avail itself of this special remedy, and provides, inter alia, for the form of claim which the borough must file.  The claim must, among other things, state "the date of the assessment for which the lien is filed."  The claims filed by the borough, in these cases, did not meet this requirement, nor did it appear upon the record, or in the evidence, when the assessment was made, or that any attempt was made by the borough authorities to avail themselves of the remedy afforded by the act of 1909. The borough had no authority to assess these defendants before the act of 1909 was approved.  This improvement having been completed prior to the approval of that statute, the time within which the borough must avail itself of the remedy was limited; the assessment must be made and the lien filed within the following six months. The jurisdiction being thus limited as to time, we are of opinion that the requirement that the claim must state when the assessment was made was mandatory.  Even if it be held that the failure to state, in the claim, the date of the assessment, the burden was at least upon the plaintiff to establish that the assessment had been made at the time and in the manner authorized by the curative stat-

ute, upon which alone it could have been sustained: Queen Street, 18 Pa. Superior Ct. 241. The attempt of the borough to sustain these claims under the provisions of the act of 1909 encounters another difficulty. That statute relates only to claims for paving, curbing, or macadamizing, and cannot be made effective to sustain an assessment for the cost and expense of grading a street. In so far as this borough is attempting to assess the properties of these appellants for grading the street, according to the foot-front rule, the act of 1909 affords no foundation for the claim.

The several judgments are reversed, and the records are remitted to the court below with direction to enter judgment in favor of the defendants, respectively, non obstante veredicto.