## Borough of Sykesville v. Smith, Appellant.

*Municipal liens—Paving—Contract between Commonwealth and county—Excess of authority—Irregularity—Acts of March 10, 1921, P. L. 26, May 11, 1921, P. L. 519, May 17, 1921, P. L. 896, March 21, 1925, P. L. 60, May 12, 1925, P. L. 575.*

In an action on a scire facias to revive a municipal lien under a borough ordinance authorizing the paving of a street, it appeared that the improvement was a joint borough and county undertaking. By the original agreement between the borough and county, the latter agreed to pay twenty-five percent of the total cost of the construction of a street thirty feet wide. The borough, by ordinance, assessed two-thirds of its share of the cost upon the abutting property owners, by an equal assessment on the foot front rule. The Highway Department approved the undertaking and the contract was awarded by it, after the county had bound itself to defray the total cost thereof. Subsequently by agreement between the county and the borough, approved by the Highway Department, the width of the improvement was reduced, part to twenty-four feet, and part to eighteen feet. Under the terms of this agreement the county contributed only to the cost of 18 feet of the improvement between its two termini, and the borough assumed the balance of the cost. The change resulted in a diminution of the charge against abutting property owners. The borough's share, exclusive of the assessments against property owners, was not in excess of the legal ability of the borough to expand. In such case, judgment for the plaintiff will be affirmed.

The Act of May, 1921, gives authority to the county to contract

with the State Highway Department to pay the whole or such part of the cost of improvement as is not paid by the Commonwealth, and to the county and borough to contract for the reimbursement of the county by the borough. The language of the statute is sufficiently comprehensive to cover a contract let by the county which included the paving of the street to an additional width, the cost of which was to be borne by the borough alone.

The Acts of March 10, 1921, May 11, 1921 and May 17, 1921, relate to the same subject and should be construed together. The purpose of the latter two being remedial, and they should be given the fullest meaning of which they are reasonably susceptible. The validating Acts of March 21, 1925, and May 12, 1925, are effective to cure any irregularities in the proceedings if such could be sustained and to fix the lien as a charge against the defendant's property.

Argued April 11, 1928. Appeal No. 452, April T., 1928, by defendant from judgment of C. P., Jefferson County, No. 235, August T., 1925, in the case of the Borough of Sykesville v. R. T. Smith. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Scire facias sur municipal lien. Before HARVEY, P. J., 18th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for plaintiff in the sum of $745.04, with interest. Defendant appealed.

*Errors assigned* were the findings of fact and the judgment of the court.

*John J. Pentz,* and with him *W. B. Adams, W. C. Pentz* and *Ross H. Pentz,* for appellant, cited: McGuire v. Philadelphia, 245 Pa. 287; McAnulty v. City of Pittsburgh, 284 Pa. 304; Kreusler v. McKees Rocks School District, 256 Pa. 281; Schuldice, Appellant, v. City of Pittsburgh, 251 Pa. 28, and Jackson v. Conneautville School District, 280 Pa. 601.

*Raymond E. Brown,* and with him *George M. Mc-*

*Donald,* for appellee, cited: Cresson Borough v. Seeds, 286 Pa. 288; Addyston Pipe & Steel Company v. City of Corry, 197 Pa. 41; Huntingdon Borough v. Dorris, 78 Pa. Superior Ct. 469; Jefferson County v. Rose Township, 283 Pa. 126.

OPINION BY HENDERSON, J., July 12, 1928:

The Borough of Sykesville filed a municipal lien against the defendant to enforce the collection of a claim for a proportionate part of the cost of a paving improvement on Park Street. The lien was filed under an assessment on the foot-front pursuant to the provisions of the Act of May 17, 1921, P. L. 896. The improvement of the street was a joint borough and county undertaking authorized by the Act of March 10, 1921, P. L. 26, and the Act of May 11, 1921, P. L. 519. By agreement of the parties, trial by jury was dispensed with and the case proceeded to trial before the judge of the Court of Common Pleas of the district. No objection to the form of the lien was presented, and when it was offered in evidence, the burden rested on the defendant to show that it was not valid. The defenses presented were deemed insufficient and judgment in favor of the plaintiff was accordingly entered. Twenty-six assignments of error express the objections now made to the action of the trial court. They are said by the defendant's counsel to be reducible to three propositions: (1) That the borough has no authority to make a contract which increased its debt beyond 2% without an election; (2) That a county has no authority to let a contract for the improvement of a street of a borough outside of that to which it contributes; (3) That there is no Act of Assembly validating a proceeding of the character of the one at bar. The first proposition as an abstract question of law is conceded by the appellee and needs no discussion. The appellant's difficulty rests in the fact that the court has found the debt was not so in-

creased. The improvement was one participated in by the borough and the county, the latter assuming 25% of the cost. Under Ordinance No. 55 which authorized the grading and paving of the street, provision was made for the collection of two-thirds of the borough's share of the cost from the owners of real estate abutting upon the improvement "by an equal assessment on the foot-front." The improvement was made in accordance with the plans of the State Highway Department which, before the improvement was made, were changed so as to provide for the contribution by the county of 25% of the cost of improvement to the width of eighteen feet from Main Street to the township line, and that the additional width from Main Street to Station 185 should be paid by the borough. No objection appears to have been made to this change and it resulted in a diminution of the charge against abutting land owners. The evidence presented by the appellant failed to establish the first proposition. On the contrary the evidence seems satisfactory that the cost made was not in excess of the legal ability of the borough to pay. No question of indefinite benefits is involved in the case. The liability of abutting owners was fixed by the statute and the Ordinance and became a direct and immediate charge against the land and susceptible of collection at once by due process of law: Cresson Borough v. Seeds, 286 Pa. 294. The case of McAnulty v. City of Pittsburgh, 284 Pa. 304, cited by appellant, involved the fact that no steps had been taken to ascertain that any of the properties had been benefitted, from which it followed that there was uncertainty whether anything could be recovered from the owners. But here there was no case of indefiniteness of benefits; the liability was fixed by a uniform standard.

We are not convinced that the second objection to

the proceeding has any support in law.  The provisions of the Act of March 10, 1921, P. L. 26, were followed.  The borough petitioned for county aid. The county commissioners approved the application and it was subsequently approved by the State Highway Department.  The proceeding was thus regularly authorized.  The State made the necessary surveys and plans, whereupon the county made an agreement in writing binding itself, after an award by the State Highway Department, to enter into a contract with the successful contractor for the improvement of the street and to defray the total cost thereof, excluding all surveys, engineering, advertising and inspection expenses; the latter to be paid by the State.  The letting of the contract was by the State Highway Department.  The county entered into an agreement with the contractors, in compliance with its contract with the State, to pay the cost of the improvement to the width of thirty feet as called for by the requirements of the State Highway Department.  The Act of May 11, 1921, P. L. 519, gives authority to the county to contract with that department to pay the whole or such part of the cost of the improvement as is not paid by the Commonwealth, and the county and the borough may contract for the reimbursement of the county by the borough.  The language of the statute is sufficiently comprehensive to cover the procedure above referred to.  The Acts of March 10, 1921, May 11, 1921, and May 17, 1921, have relation to the same subject and should be construed together as they were passed at the same session of the Legislature.  The purpose of the latter two acts is remedial, and in construing such legislation the fullest meaning of which they are reasonably susceptible should be given them.  As one object of the statutes is to cure defects in the law, it is a legitimate supposition that they were intended to be ap-

plied as broadly as the language used would permit: Pocono Spring Water Ice Co. v. American Ice Co., 214 Pa. 648; Cresson Borough v. Seeds, supra.

If, however, the contention of the appellant could be sustained as to the irregularity of the proceeding, we are of the opinion that the validating Acts of March 21, 1925, P. L. 60, and of May 12, 1925, P. L. 575, are effective to cure such irregularities, and to fix the lien sued on as a charge against the defendant's property. The equitableness of this conclusion is apparent in the fact as found by the court that the defendant was a member of the borough council during these proceedings, and that it does not appear from the record that he made any legal objection to the improvement out of which this litigation grows. He derives the implied benefit to his property arising from the construction of the pavement, and now seeks to avail himself of a technical defect in the proceedings. The validating acts prevent such results in many cases and cannot be regarded as inequitable as applied to this proceeding. On the whole case the defendant has failed to show that the lien is unsupported in law and fact.

The appeal is dismissed and the judgment affirmed.