322

## Borough of Blakely v. Kondracski et al.

*Laurence D. Savige*, for plaintiff.

*Nogi, Harris & Nogi*, for defendants.

EAGEN, J., March 13, 1942.—This is a petition to strike off a municipal lien filed by the Borough of Blakely on March 13, 1926, no. 493 of 1926, against certain lands in the third ward of the Borough of Blakely, being described as lot no. 2 in block 3 on the assessment map for sections 4, 5, and 6 of the Blakely Borough Sanitary System.

The owner of the land was designated as P. Kondracski. It appears from the admitted facts before the court that on August 3, 1925, P. Kondracski conveyed this property to one Thomas Teter et ux., and that on October 14, 1933, Thomas Teter et ux. conveyed the same property to one Frank Agostini et ux., and further that on January 25, 1935, Agostini et ux. conveyed the property to the petitioner, Sylvester Longo.

The chronological history of the municipal lien in question shows that a sci. fa. sur municipal lien was

issued on March 12, 1931, to the above number and term, namely, 1716, March term, 1931. On December 31, 1935, a suggestion of nonpayment and averment of default was filed by plaintiff. On April 5, 1937, a judgment for want of appearance and an affidavit of defense was entered, and on October 28, 1941, an alias sci. fa. sur municipal lien was issued naming Sylvester Longo as the owner, or reputed owner, and service was duly made upon him. The contention of defendant is that, since the borough failed to take judgment within a period of five years subsequent to the issuance of the sci. fa. on March 12, 1931, the lien was lost. The law covering the revival of municipal liens is basically the Act of May 16, 1923, P. L. 207, particularly section 15. This substantially provides that if a tax, municipal, or other claim be filed within the period provided by the act it shall remain a lien until fully paid and satisfied, "Provided, however, That either a suggestion of nonpayment and an averment of default, in the form hereinafter provided, be filed in cases of tax claims, either before or after judgment on the scire facias, *and in cases of other than tax claims after judgment on the scire facias*, or else a writ of scire facias . . . be issued to revive the same, within each period of five years following . . ." (Italics supplied.) Section 15 of the Act of 1923 was subsequently amended by the Acts of May 28, 1937, P. L. 1001, sec. 1; July 2, 1937, P. L. 2808, sec. 2; June 15, 1939, P. L. 354, sec. 2; June 20, 1939, P. L. 512, sec. 1; and finally by the Act of July 28, 1941, P. L. 522, sec. 1.

It is the opinion of the court that, until the passage of the amending Act of May 28, 1937, P. L. 1001, referred to above, a suggestion of nonpayment and averment of default to continue the lien entered on a municipal improvement, where no judgment had been entered following the issuance of the sci. fa., was ineffective. Therefore, the suggestion of nonpayment and averment of default filed on December 31, 1935, in the

instant case was without authority in law and to no avail. Hence, the lien in this case was lost in the opinion of the court on March 12, 1936. At that time and date the owner of the property was Sylvester Longo, who has continued as owner ever since. If he had conveyed the property to someone else before the passage of the enabling Acts of 1941, the lien in question would have remained lost and should be stricken from the record. However, the court is of the opinion that the lien in this case has been saved by the legislature.

The Acts of April 29, 1941, P. L. 29, and July 28, 1941, P. L. 542, directly apply to the situation presented in the case at bar. These acts provide for the reinstatement of a lien lost by a borough on municipal claims. This legislation provides that, where a lien is lost on a municipal claim by the failure to enter judgment within five years of the issuance of the sci. fa., the borough may within six months after the passage of the act issue its præcipe for an alias writ of sci. fa. and proceed to judgment in the manner provided by law. This is exactly our case. The act provides that the lien of any such claim shall not reattach against real estate if it has been transferred to any purchaser during the time that the lien was lost and also that said lien shall not affect the priority of other liens against the property involved. In the present case the property has not been transferred and the borough issued an alias sci. fa. within the prescribed time.

That the legislature had the power to pass such enabling acts has been sustained by our appellate courts. See Cresson Borough v. Seeds, 286 Pa. 288, and Borough of Huntingdon v. Dorris, 78 Pa. Superior Ct. 469. In the latter case the court said (p. 474) :

"That the legislature has the power to pass such an enactment is definitely settled. It does not relate to penal subjects, nor is it in violation of a contract nor expressly forbidden by the Constitution of this State or the United States. The charge is in the nature of a tax. The improvement of the property is assumed and the

equitable right to contribution from the property survives although by reason of some mistake in the proceedings the remedy for its collection is lost. The legislature may provide a new remedy and in so doing there is no deprivation of a constitutional right. It is but the exercise of the taxing power . . ."

Now, therefore, March 13, 1942, the rule heretofore granted to show cause why the lien in the above-entitled case should not be stricken from the record and the alias sci. fa. dismissed is discharged.